**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City Docket)**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>    **Plaintiff,**<br><br> v.<br><br>**WARREN RICHARDSON,**<br><br>    **Defendant.** | Case No. 19-20076-JAR-JPO |

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on or about June 1, 2014, and continuing to on or about December 17, 2014, both dates being approximate and inclusive, in the District of Kansas and elsewhere, the defendant,

**WARREN RICHARDSON,**

knowingly and intentionally combined, conspired, and agreed with other persons known and unknown to the grand jury, to commit the following offenses against the United States: distribution of a detectable amount of cocaine base, a controlled substance, and possession with intent to distribute a detectable amount of cocaine base, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

This was all in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

### COUNT TWO

On or about December 13, 2014, in the District of Kansas, the defendant,

**WARREN RICHARDSON,**

knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: in 2000, of Possession with Intent to Distribute Cocaine Base within 1,000 Feet of a School and Possession of a Firearm in Furtherance of Drug Trafficking, in United States District Court for the District of Kansas, case number 99CR20081-001, crimes punishable under the laws of the United States by imprisonment for a term exceeding one year, knowingly and unlawfully possessed a firearm and ammunition, to wit:  a 7.62x39mm rifle, and ammunition in and affecting interstate and foreign commerce.

This was done in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### COUNT THREE

On or about December 17, 2014, in the District of Kansas, the defendant,

**WARREN RICHARDSON,**

knowingly and intentionally possessed with intent to distribute a detectable amount of cocaine base, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

### COUNT FOUR

On or about December 17, 2014, in the District of Kansas, the defendant,

**WARREN RICHARDSON,**

knowingly, intentionally, and unlawfully possessed a firearm, that is, a Zastava, model 59/66, 7.62x39mm caliber rifle, bearing serial number E-111638, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute cocaine base, in violation of Title 18, United States Code, Sections 924(c) and 2.

## FORFEITURE NOTICE

1. The allegations contained in Counts 1 through 4 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

### FIREARMS FORFEITURE

2. Upon conviction of the offenses identified in Counts 2 and 4 of this Indictment, the defendant,

**WARREN RICHARDSON,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition used in or involved in the commission of the offenses, including, but not limited to the following:

  a. Zastava, model 59/66, 7.62x39mm caliber rifle, bearing serial number E-111638; and

  b. ammunition seized in connection with this investigation.

### CONTROLLED SUBSTANCE FORFEITURE

3. Upon conviction of the offenses identified in Count 1 and 3 of this Indictment, the defendant,

**WARREN RICHARDSON,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offense, and any property used or intended to be used, in any manner or part, to commit or facilitate the commission of the offenses including, but not limited to, the following:

    a. Zastava, model 59/66, 7.62x39mm caliber rifle, bearing serial number E-111638;

    b. ammunition seized in connection with this investigation; and

    e. a forfeiture judgment imposed against the defendant in an amount that equals the amount of proceeds obtained by him.

4. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, § 853(p).

                 A TRUE BILL.


DATED: November 20, 2019       *s/ Foreperson*
                          FOREPERSON OF THE GRAND JURY

*Sheri Catania # 17907 for*
STEPHEN R. MCALLISTER,
Ks. S. Ct. No. 15845
United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101
(913) 551-6730 / (913) 551-6541 (fax)
Stephen.mcallister@usdoj.gov

(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

## PENALTIES

**Count 1: Conspiracy to Distribute and PWID cocaine base, 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(C); 18 U.S.C. § 2**

- NMT 20 years imprisonment;
- NMT $1,000,000 fine;
- NMT 3 years supervised release;
- Forfeiture allegation; and
- $100 special assessment fee.

If the defendant has a prior conviction for a felony drug offense the penalties are:

- NMT 30 years imprisonment;
- NMT $2,000,000 fine;
- NLT 6 years supervised release;
- Forfeiture allegation; and
- $100 special assessment fee.

**Count 2: Felon in Possession of a Firearm/Ammunition 18 U.S.C. §§ 922(g)(1) and 924(a)(2)**

- NMT 10 years imprisonment;
- NMT $250,000 fine;
- NMT 3 years supervised release;
- Forfeiture allegation; and
- $100 special assessment fee.

**Count 3: PWID cocaine base, 21 U.S.C. §§ 841(a)(1), & 841(b)(1)(C); 18 U.S.C. § 2**

- NMT 20 years imprisonment;
- NMT $1,000,000 fine;
- NMT 3 years supervised release;
- Forfeiture allegation; and
- $100 special assessment fee.

If the defendant has a prior conviction for a felony drug offense the penalties are:

- NMT 30 years imprisonment;
- NMT $2,000,000 fine;
- NLT 6 years supervised release;
- Forfeiture allegation; and
- $100 special assessment fee.

**Count 4: Possession and Use of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §§ 924(c)(1)(A) and 2**

- NLT 5 years NMT life imprisonment consecutive to any other sentence imposed,
- NMT $250,000 fine;
- NMT 5 years supervised release;
- Forfeiture allegation; and
- $100.00 special assessment fee.

If the defendant has previously been convicted and sentenced for a § 924(c) offense the penalties are:

- NLT 25 years NMT life imprisonment consecutive to any other sentence imposed,
- NMT a $250,000 fine;
- NMT 5 years supervised release;
- Forfeiture allegation; and
- $100.00 special assessment fee.